<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MAHMOUD ELMILLIGY,<br><br>      Plaintiff,<br><br>      v.<br><br>CITY OF ELIZABETH, *et al.*,<br><br>      Defendants. | No. 25cv13622 (EP) (CF)<br><br><br>**MEMORANDUM ORDER** |

**PADIN**, **District Judge.**

After commencing this action,[1] *pro se* Plaintiff Mahmoud Elmilligy filed multiple applications to proceed *in forma pauperis* ("IFP"),[2] and while those applications were pending, filed an amended complaint[3] and a motion for leave to file an amended complaint.[4]

After reviewing the submissions on the docket and considering Plaintiff's numerous and simultaneous requests for different forms of relief, the Court: (1) **GRANTS** Plaintiff's IFP Application; (2) **GRANTS** his Motion; (3) screens the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B); and (4) having done so, **DISMISSES** the Amended Complaint because Plaintiff fails to state a claim.

---

[1] D.E. 1 ("Complaint" or "Compl."). Plaintiff named the City of Elizabeth, the Elizabeth Municipal Court, Rita Silva, Ana Hierrezuelo, and John and Jane Does as defendants in the original Complaint.

[2] D.Es. 1-2, 5, 6, 8 and 12 (collectively, Plaintiff's "IFP Application").

[3] D.E. 13 ("Amended Complaint" or "Am. Compl."). In the Amended Complaint, the City of Elizabeth, the Elizabeth Police Department, and the Elizabeth Municipal Court are named as defendants. As explained below, the Court treats the Amended Complaint as the operative pleading, and therefore, refers to Defendants named in the Amended Complaint as "Defendants."

[4] D.E. 14 ("Motion").

## I.    LEGAL STANDARD

Under § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).

When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint is frivolous under § 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Complaints may also be dismissed where they fail to state a claim, a standard identical to the one utilized for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)).[5]  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). And while the Court must be mindful to construe a *pro se* plaintiff's pleadings liberally, *see Erickson*

---

[5] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Amended Complaint would survive a properly supported motion to dismiss filed by Defendants after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (internal quotation marks omitted)).

*v. Pardus*, 551 U.S. 89, 93-94 (2007), it need not credit a *pro se* plaintiff's "bald assertions" or "legal conclusions," *see Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997).

## II.    ANALYSIS

### A.    The Court Will Grant Plaintiff's IFP Application

Having reviewed Plaintiff's IFP Application, the Court determines that Plaintiff has "establish[ed] that he is unable to pay the costs of his suit." *Walker*, 886 F.2d at 601.  Therefore, the Court will **GRANT** his IFP Application.

### B.    The Court Will Grant Plaintiff's Motion

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course no later than 21 days after serving it.  Because Plaintiff's Complaint has not been served, he was free to amend it once as a matter of course.  Accordingly, the Court **GRANTS** his Motion (to the extent it was even necessary to file).

As previewed in *supra* nn. 2 & 3, Plaintiff added one Defendant to the Amended Complaint (the Elizabeth Police Department) and dropped two (Silva and Hierrezuelo).  The Court considers Plaintiff to have abandoned his claims against Silva and Hierrezuelo and therefore **DISMISSES** them from this action.  *See Palakovic v. Wetzel*, 854 F.3d 209, 234 n.26 (3d Cir. 2017) ("[A]ny second amended complaint may not plead claims against . . . the defendants named in the original complaint who were not named in the amended complaint . . . as the [plaintiffs] have abandoned their claims against each of those individuals.").

Relatedly, the Court need not address any claims raised in Plaintiff's previous pleadings. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading." (citation modified)).   With this in mind, the Court proceeds to screen the Amended Complaint.

3

### C.    Plaintiff Fails to State a Claim

As best as the Court can discern, Plaintiff brings various claims under 42 U.S.C. § 1983 against Defendants for violating his procedural due process rights, maintaining false charges against him, and for failing to act on reports of theft while Plaintiff was overseas.  *See generally* Am. Compl.  However, the Amended Complaint is comprised of legal conclusions and limited factual allegations that fail to state a claim.  For example, Plaintiff alleges that "Defendants deprived [him] of liberty and property by maintaining false charges after notice of error." *Id.* ¶ 23.  But Plaintiff does not provide facts to support that allegation.  It appears that Plaintiff received traffic tickets despite being out of the country, but he does not support that allegation with any information the Court can rely on to understand the basis of his claim.  Notably, Plaintiff does not establish that false charges were maintained against him, nor does Plaintiff specify how his liberty and property were deprived.  "Restatements of the elements of a claim are legal conclusions, and therefore, are inadequate to survive dismissal." *Mawalla v. Lakewood Police Dep't*, No. 23-1083, 2026 WL 446400, at *5 (D.N.J. Feb. 17, 2026) (citing *Iqbal*, 556 U.S. at 678).  For that reason, the Court gives Plaintiff's conclusory allegations no credit.[6]

There are so few facts in the Amended Complaint that the Court cannot discern "the who, what, where, when and why of [P]laintiff's dissatisfaction," and therefore, the Amended Complaint "wholly fails to comply with *Twombly/Iqbal* and Federal Rule of Civil Procedure 8(a)." *Shabazz v. Moynihan*, No. 23-12046, 2024 WL 1197936, at *2 (D.N.J. Mar. 20, 2024) (citation modified).  Moreover, Plaintiff must allege how each individual Defendant is liable for the alleged harm they specifically caused Plaintiff.  *See Mawalla*, 2026 WL 446400, at *5 ("Under both Rules

---

[6] To this end, adding a few limited factual allegations will not suffice either.  The Court has explained to Plaintiff in several opinions and orders that he is insufficiently pleading his allegations.  The Court trusts that Plaintiff has reviewed these previous explanations and, to the extent he files a proposed amended complaint, meaningfully bolsters his allegations.

12(b)(6) and 8(a)(2), a complaint must allege which [d]efendants engaged in what wrongful conduct with greater specificity."); *see Shaw v. Hous. Auth. of Camden*, No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) ("Even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants." (citation modified)).  Plaintiff has not done so here.

Given the basic pleading deficiencies present in the Amended Complaint, the Court **DISMISSES** it *without prejudice*. The Court will provide Plaintiff 30 days to file a proposed second amended complaint.[7]

## III.    CONCLUSION AND ORDER

Having considered Plaintiff's IFP Application, Amended Complaint, and all related items on the docket,

**IT IS**, on this 22nd day of April 2026, for the reasons set forth above,

**ORDERED** that Plaintiff's IFP Application, D.Es. 1-2, 5, 6, 8 and 12, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Motion, D.E. 14, is **GRANTED**; and it is further

**ORDERED** that Defendants Rita Silva and Ana Hierrezuelo are **DISMISSED** from this action; and it is further

**ORDERED** that the Clerk of Court shall file Plaintiff's Amended Complaint, D.E. 13,

---

[7] Because the Court dismisses the Amended Complaint, it only notes for Plaintiff that the claims in this action appear to significantly overlap with the pleadings in his leading case before the Undersigned, *Elmilligy v. Union County Prosecutor's Office*.  No. 25-12720.  A Court may consolidate cases when they "arise out of the same nucleus of operative facts." *Pennsylvania Gen. Ins. Co. v. Landis*, 96 F. Supp. 2d 408, 410 (D.N.J. 2000), *aff'd*, 248 F.3d 1131 (3d Cir. 2000). The Court has already consolidated related cases Plaintiff has brought into Case No. 25-12720, and should Plaintiff state a claim here, the Court may do so again.  The Court notes that Plaintiff may alternatively seek to amend his pleadings in Case No. 25-12720 to include these allegations (to the extent they are not included already).

without prepayment of the filing fee; and it is further

**ORDERED** that the Amended Complaint is **DISMISSED** *without prejudice* pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case; and it is further

**ORDERED** that Plaintiff may file a proposed second amended complaint within **30 days** to cure the deficiencies identified above; and it is further

**ORDERED** that upon Plaintiff's timely filing of a proposed second amended complaint, the Clerk of Court shall **REOPEN** this case; and it is finally

**ORDERED** that any proposed second amended complaint will be subject to this Court's screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

Evelyn Padin, U.S.D.J.

6